

ORDERED in the Southern District of Florida on November 16, 2015.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

CASE NO.: 15-23197-LMI

ARMANDO M. MONTERO
LIMBANIA BARRIOS

CHAPTER: 11

Debtor(s).
_____/

**AGREED ORDER DENYING CALIBER HOME LOANS, INC. MOTION FOR RELIEF FROM STAY AND GRANTING ADEQUATE PROTECTION**

THIS CASE came on for consideration of the Motion for Relief and/or for Adequate Protection (Document No. **58**)("Motion") filed on October 22, 2013 by CALIBER HOME LOANS, INC. SERVICER FOR WELLS FARGO DELAWARE TRUST COMPANY, N.A., AS TRUSTEE FOR VERICREST OPPORTUNITY LOAN TRUST 2011-NPL1 ("Creditor").  It appears from a review of the Motion that it should be denied conditioned on the Debtor's providing adequate protection to the Creditor. Accordingly, it is

15-41137B

ORDERED:

1. The Motion is denied conditioned on the Debtor's compliance with the terms of this order. The automatic stay shall continue in full force and effect as to the following property:

**LOT 11, BLOCK 1, DURHAM PARK, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 40, PG 61 OF PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

2. As adequate protection for the Creditor's interest in the Collateral, commencing on or before the contractual due date of **December 1, 2015**, the Debtor shall make monthly payments of $2,347.43 ($1,820.33 as principal and interest and $318.77 for taxes and $208.33 for insurance).

If the regular monthly payments increase or decrease during the period of time covered by paragraph 2 of this order: (a) in the event of an increase, the Debtor shall pay the difference in addition to the regular monthly payment stated above, and (b) in the event of a decrease, the Debtor may deduct the difference from the regular monthly payment as stated above.

3. All payments due hereunder shall be made payable to:

**Caliber Home Loans, Inc., PO Box 24330, Oklahoma City OK 73124; and REFERENCE the LOAN NUMBER**

4. Within 30 days of written request by either party, the parties shall exchange accountings. On request by either party, the Court shall schedule a hearing to resolve any disputes with respect to the accounting.

5. Provided that a default in payments existed as of the date of the filing of the Motion, the Creditor shall be entitled to attorneys' fees and costs in the amount of $550.00 for the prosecution of the Motion ("Fees and Costs") if allowable under 11 U.S.C. section 506(b). If a plan has not been confirmed as of the date of this order, the Creditor may file an amended proof of claim within fifteen (15) days to include the Fees and Costs. If a plan has been confirmed, the Fees and Costs shall be included and paid as part of the post-petition arrearage being cured under the terms of this order.

6. Within fifteen (15) days of a written request by the Creditor, the Debtor must provide proof of insurance as required by the loan documents.

7. Within twenty-four (24) hours of any telephonic request by the Creditor, the Debtor must allow inspection of the Collateral as required by the loan documents.

8. The Debtor shall be in default under this order if Debtor fails to make any payment due hereunder on the contractual due date together with any grace period and do not cure such default within seventy-two (72) hours after creditor provides Debtor, Debtor's counsel or an agent of Debtor's counsel, with telephonic notice of the failure to make the payment due

15-41137B

("Default").

9. In the event of a Default, the Court shall grant the Creditor *in rem* relief from stay to exercise its rights with respect to the Collateral without further notice or hearing provided the creditor files a proposed order together with an affidavit setting forth specific facts establishing that: (a) the Default occurred, (b) the Creditor provided the Debtor with seventy-two (72) hours telephonic notice of the Default; and (c) the Debtor failed to cure the default within the seventy-two (72) hour cure period.

10. To the extent that there is a co-debtor liable on the debt owed to the Creditor, if Debtor defaults on the payments under the terms of this order, the order terminating the stay shall apply to the co-debtor, provided the co-debtor was served with the Motion.

11. If either party requests reconsideration of the terms of this order, the Court shall promptly schedule a hearing to consider the Motion *de novo*.

12. The Movant's request to waive the 14 day stay period under Bankruptcy Rule 4001(a)(3) is GRANTED.

**Below signatures reflects agreement to submit the above order for entry.

| | |
|---|---|
| Counsel for Creditor/Movant | Counsel for Debtor |
| Popkin & Rosaler, P.A. | Peter Spindel, Esq., P.A. |
| 1701 W. Hillsboro Blvd. Ste. 400 | P.O. Box 166245 |
| Deerfield Beach, FL 33442 | Miami, Florida 33116-6245 |
| s/ Brian L. Rosaler | /s/ Peter Spindel |
| Brian L. Rosaler, Esq. | Peter Spindell, Esq. |
| Bar No.: 0174882 | Florida Bar No. 816183 |

###

Submitted by: Brian L. Rosaler, Popkin & Rosaler, P.A., 1701 W. Hillsboro Blvd. Ste. 400, Deerfield Beach, FL 33442, bankruptcy@popkinrosaler.com 954-360-9030

The party submitting this order shall serve a copy of the signed order on all parties listed on attached list and file with the court a certificate of service conforming with Local Rule 2002-1(F).

15-41137B

CASE NO.: 15-23197-LMI
SERVICE LIST:

Armando M. Montero
6841 SW 73 Ct
Miami, FL 33143

Limbania Barrios
6841 SW 73 Ct
Miami, FL 33143

Peter D Spindel, Esq.
POB. 166245
Miami, FL 33116

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

15-41137B